```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JAVIER APONTE                  :    CIVIL ACTION
                               :
        v.                     :
                               :
BRIAN COLEMAN, et al.          :    NO. 11-6069
```

ORDER

AND NOW, this 1st day of February, 2012, upon consideration of the Petition for Writ of Habeas Corpus, the Answer thereto, the petitioner's Response, the Report and Recommendation of United States Magistrate Judge Linda K. Caracappa (Docket No. 8), and for the additional reasons stated herein, IT IS HEREBY ORDERED THAT:

      1. The Report and Recommendation is APPROVED and ADOPTED;

      2. The Petition for Writ of Habeas Corpus is DISMISSED; and

      3. Because the petitioner has not shown a denial of a constitutional right or that reasonable jurists would disagree with this Court's finding that his claims are procedurally defaulted, a certificate of appealability is DENIED.

The Court writes separately to make clear that in adopting the Report and Recommendation, it considered the petitioner's arguments that his claims were not procedurally defaulted because the rule resulting in waiver of his claims had

not been applied consistently.  His argument appears to be that the Superior Court should have permitted him, on appeal, to raise for the first time a claim that his Post Conviction Relief Act counsel was ineffective in failing to assert his claims that his counsel at trial was ineffective for failing to request a mistrial or object to a defective colloquy when waiving his jury trial rights.  See Pet'r Resp. 5-6.

The Court concludes that the petitioner's claims are procedurally defaulted because the Superior Court's decision not to address his claims of ineffective assistance of trial counsel rested on adequate state grounds independent of the federal question they presented.  Pennsylvania law required the petitioner to raise these claims in his initial PCRA petition, but he failed to do so.  Commonwealth v. Washington, 927 A.2d 586, 601 (Pa. 2007) (finding claims not so raised are waived). The petitioner argues that he should have been able to raise "layered" claims of ineffective assistance of counsel by arguing, on appeal, that his PCRA counsel was constitutionally ineffective in failing to raise his claims that trial counsel was ineffective.  However, he was required to raise his claims that his PCRA counsel was ineffective prior to appealing the initial PCRA decision, because his PCRA counsel had withdrawn prior to the dismissal of his PCRA petition.  See Commonwealth v. Colavita, 993 A.2d 874, 893 n.12 (Pa. 2010); Commonwealth v.

-2-

Pitts, 981 A.2d 875, 880 n.4 (Pa. 2009).

Only a "firmly established and regularly followed state practice" will bar federal review of constitutional claims that a state court has declined to address on procedural grounds. James v. Kentucky, 466 U.S. 341, 348-51 (1984). The petitioner's argument that Pennsylvania courts have not consistently applied that rule is contradicted by the cases he cites in support of that contention. See, e.g., Commonwealth v. Pursell, 724 A.2d 293, 302 (Pa. 1999). The petitioner argues that the Pursell court permitted the appellant to raise such a "layered" ineffective assistance claim, and that the Superior Court should have permitted him to do so here. This case is different from Pursell because there, the appellant's PCRA counsel represented him through the completion of PCRA proceedings. Here, the petitioner's PCRA counsel filed a request to withdraw as counsel, which was granted on March 30, 2010. See App'x to Answer to Pet. for Writ of Habeas Corpus at A70-A77. Pursell itself makes clear the rule in Pennsylvania that a claim that PCRA counsel's ineffectiveness "must be raised at the earliest possible stage in proceedings at which counsel whose effectiveness is challenged no longer represents [the] defendant." Pursell, 724 A.2d at 302. In this case, that stage was prior to the petitioner's PCRA appeal. The Court finds that rule to have been consistently applied and therefore an adequate state procedural ground on

which the Superior Court rested its refusal to address the petitioner's federal claims.  See, e.g., Commonwealth v. Green, 709 A.2d 382, 384 (Pa. 1998); Commonwealth v. Christy, 656 A.2d 877, 881 (Pa. 1995).  Under the circumstances, the petitioner's claims are procedurally defaulted for habeas purposes, because although the Pennsylvania courts did not pass on the merits of the petitioner's federal claims, it declined to on the basis of an adequate state procedural rule.  See Coleman v. Thompson, 501 U.S. 722, 729 (1991); id. at 732 ("In the absence of [this doctrine] in federal habeas, habeas petitioners would be able to avoid the exhaustion doctrine by defaulting their federal claims in state court.").

   Where procedural default arises from a failure to meet state-law procedural requirements, such failure may be excused by a showing of "cause for the default and actual prejudice" from violation of federal law, or "that failure to consider the claims would result in a fundamental miscarriage of justice."  Id. at 750.  To show cause and prejudice, "some objective factor external to the defense [must have] impeded efforts to comply with the State's procedural rule."  Slutzker v. Johnson, 393 F.3d 373, 381 (3d Cir. 2004).  The petitioner argues in response to the Commonwealth's Answer that the cause for his default was reliance on "well settled authority" that he would be able to present his layered ineffective assistance claims for the first

time on appeal of his PCRA claim, and was prejudiced by an inability to raise that claim.  As discussed above, the law is well settled to the contrary of the petitioner's position.  Because he has not made a showing that he was otherwise externally impeded from bringing his claims, his procedural default cannot be excused and his petition must be denied.

>                         BY THE COURT:
>
>
>                         /s/ Mary A. McLaughlin
>                         MARY A. McLAUGHLIN, J.